# KATZMELINGER

280 MADISON AVENUE, SUITE 600
NEW YORK, NEW YORK 10016
www.katzmelinger.com

| | |
|---|---|
| Nicole Grunfeld | o: 212. 460.0047 |
| Katz Melinger PLLC | f : 212. 428.6811 |
| | ndgrunfeld@katzmelinger.com |

July 20, 2015

**<u>Via ECF</u>**
Hon. Vernon S. Broderick, U.S. District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:    *Okoye v. deVere Group Ltd. et al.*
                Case No. 15-CV-03807 (VSB/GWG)

Dear Judge Broderick:

      We are attorneys for Plaintiff in the above-referenced matter, and write in response to Defendants' letter filed July 15, 2015 ("Defendants' Letter"). Defendants seek a pre-motion conference in order to file a motion to dismiss on behalf of deVere USA, Inc. ("DVU") and Benjamin Alderson, and a motion to remand to arbitration on behalf of DVU, Alderson, and deVere Group Ltd. ("DVG"). Plaintiff opposes any such motions.

      I.        <u>This Action Should Not Be Dismissed For Lack of Diversity Jurisdiction.</u>

      Defendants claim that Alderson is "a British citizen residing in Connecticut" without any reference to his visa status. Should Alderson be a legal permanent resident, this Court would retain diversity jurisdiction over the matter.[1]

      II.       <u>Plaintiff Should Not Be Compelled to Arbitrate Her Claims.</u>

      Defendants assert that Plaintiff's claims are subject to an arbitration agreement with DVU ("the Agreement"). That assertion is without merit.

      Section 1(a) of the Agreement provides that the "only claims that are arbitrable are those that, in the absence of this provision, would have been justiciable under applicable state or federal law." Plaintiff brings claims under neither state nor federal law, but rather

---

[1] Plaintiff may opt to withdraw her claims against DVG.

under the New York City Human Rights Law ("NYCHRL"). Defendants attempt to twist the meaning of language so that the provision of the Agreement forces the arbitration of Plaintiff's claims because they are justiciable in state or federal court. The plain language of the Agreement, however, specifies only claims "justiciable under" the applicable laws, which is not to be equated with claims that are "justiciable in" applicable courts. See, e.g., *Larami Corp. v. Amron*, 1994 U.S. Dist. LEXIS 9453, *8 (S.D.N.Y. July 13, 1994)(issue justiciable *under* declaratory judgment authority); *C & A Carbone v. Clarkstown*, 770 F. Supp. 848, 852 (S.D.N.Y. 1991)(referring to claims held justiciable *in* federal court); Nicole A. Gordon and Douglas Gross, Justiciability of Federal Claims in State Court , 59 Notre Dame L. Rev. 1145, 1177 (1984) ("state courts may declare federal claims which are justiciable under federal law to be non-justiciable in state court").

Although courts tend to favor findings of arbitrability, they "have applied the presumption favoring arbitration only where it reflects a judicial conclusion that arbitration of *a particular dispute* is what the parties intended…A court may not, then, in assessing the rights of litigants to enforce an arbitration agreement, construe that agreement in a manner different from that in which it otherwise construes nonarbitration agreements under state law." *Allstate Ins. Co. v. Mun*, 751 F.3d 94, 97 (2d Cir. 2014)(emphasis in original, internal citations omitted). As the clear language of the Agreement provides only for the arbitration of federal and state law claims, Plaintiff should not be compelled to arbitrate her city law claims.

Even if Plaintiff's NYCHRL claims were encompassed by the Agreement, the Agreement should not be enforced because it is unconscionable. "A contract or clause is unconscionable when there is an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Ragone v. Atlantic Video*, 595 F.3d 115, 122 (2d Cir. 2010). Here, Plaintiff signed the Agreement after being subjected to months of discrimination and harassment from Defendants, and with the knowledge that if she did not sign, she would not only lose her employment but would also be required to leave the United States due to the terms of her visa. She was thus presented with no meaningful choice at the time she was told to sign the Agreement. Moreover, the Agreement permits an arbitrator to award fees and costs to a prevailing party, a burden on Plaintiff which is not imposed under the NYCHRL. Such provision renders the Agreement substantively unconscionable. *See Ragone*, 595 F.3d at 125-26.

Accordingly, Plaintiff should not be compelled to arbitrate her claims.

Respectfully submitted,

*/Nicole Grunfeld/*

Nicole Grunfeld