USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/26/2017__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
PHILIPPA OKOYE,                                             :
                                                            :
                               Plaintiff,                   :
                                                            :                15-CV-3807 (VSB)
              -v-                                           :
                                                            :                     ORDER
                                                            :
DEVERE GROUP LTD., et al.,                                  :
                                                            :
                               Defendants.                  :
                                                            :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

  On May 18, 2015, Plaintiff Philippa Okoye filed this action against Defendants Devere Group, Ltd., Devere USA, Inc., and Benjamin Alderson ("Defendants") alleging various violations of the New York City Human Rights Law, N.Y.C. Administrative Code Title 8 ("NYCHRL"). (Compl. ¶¶ 81-111.) Plaintiff alleged that this Court possessed subject matter jurisdiction pursuant to 28 U.S.C. § 1332 on the basis of the complete diversity of the parties. (*Id*. ¶ 2.) However, on August 26 and October 15, 2015, Plaintiff voluntarily dismissed her claims against Defendants in favor of arbitration. (*See* Docs. 12, 19.) On February 25, 2016, Plaintiff filed a statement of claim in the arbitral body JAMS asserting certain additional claims against Defendants. (Doc. 24-1.) Specifically, Plaintiff's statement of claim alleged that Defendants failed to pay her the minimum wage for all hours worked and failed to pay her overtime compensation for all hours worked in excess of forty hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the state wage and hour laws of California and New York. (*Id*.)

  On December 5, 2016, Plaintiff filed a letter stating that the parties executed a settlement

and release of Plaintiff's FLSA claims. (Doc. 20.) In light of the fact that parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), the parties sought leave to re-open this case so that I could review and approve their settlement and release Plaintiff's FLSA claims, (Doc. 20). For the reasons stated on the record at the December 16, 2016 telephone conference, I re-opened the case and directed the parties to submit: (i) a copy of Plaintiff's statement of claim in the arbitration setting forth Plaintiff's FLSA claims; and (ii) contemporaneous billing records underlying Plaintiff's request for attorney's fees incurred in connection with her FLSA claims. (Doc. 22.) Plaintiff submitted the requested billing records on December 20 and submitted the statement of claim on December 23. (Docs. 23, 24.)

In the absence of Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). "A reasonable agreement must 'reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *1 (S.D.N.Y. Apr. 21, 2016) (quoting *Mamani v. Licetti*, No. 13-cv-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)).

I have independently reviewed the settlement agreement and supporting submissions, and believe the terms of the settlement are fair, reasonable, and adequate. Therefore, the parties' settlement agreement is approved.

## I.     Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the

totality of circumstances, including but not limited to the following five factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quoting *Pavon v. Daniel's Bagel Corp.*, No. 15-CV-8376 (LTS), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016)).

Where, as here, a settlement agreement includes a provision for attorney's fees, I must "separately assess the reasonableness of plaintiffs' attorney's fees." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). In order to aid in this determination, "counsel must submit evidence providing a factual basis for the award [of attorney's fees]." *Beckert*, 2015 WL 6503832, at *2.

## II.    Discussion

### A.    *Settlement Amount*

I first consider the settlement amount. The agreement provides for a gross settlement amount of $10,000. (Doc. 20 at 2.) The settlement amount contemplates $2,000 in attorney's fees and costs. (*Id.* at 3.) After deducting that amount, the settlement will allocate $8,000 to

Plaintiff.  (*Id.* at 2-3.)  This amount represents approximately 62% of the amount Plaintiff claims would have been her total potential recovery had she prevailed on her FLSA claims at trial.  (*Id.* at 3-4.)

The parties contend that the settlement is fair in light of the anticipated costs and risks associated with proceeding with the arbitration including motion practice with respect to whether all Defendants are subject to personal jurisdiction in the United States.  (*Id.* at 4.)  In addition, there is a material factual dispute concerning whether Plaintiff worked the hours she alleges.  (*See id.* at 4 n.2.)  Given the uncertainty of recovery, as well as inherent risks and costs associated with continued litigation, settlement appears to be an efficient resolution of the matter.  The proposed settlement also appears to be the product of adversarial, arm's-length bargaining between experienced counsel, and there is no basis for me to believe that there was any fraud or collusion involved in the settlement.  (*Id.* at 5.)  Nor are there any factors present that typically weigh against approving a settlement.  *See Wolinsky*, 900 F. Supp. 2d at 336.  Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of Plaintiff's FLSA claims.

### B.  *Attorney's Fees*

I next consider the attorney's fees contemplated in the settlement agreement.  The attorney's fees sought are $2,000, which represents 20% of the total settlement amount.  (*See* Doc. 20 at 5-6.)[1]

It is within my discretion whether to award attorney's fees based on either the lodestar method or the percentage of the fund.  *See Vasquez v. TGD Grp., Inc.*, No. 14-CV-7862 (RA),

---

[1] I note that Plaintiff's counsel does not seek reimbursement for any costs.

2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016).  "[T]he trend in this Circuit is toward the percentage method, although it is for district court to determine the appropriate method in a particular case."  *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016) (internal quotation marks omitted).  District courts are also encouraged to "cross-check" the percentage fee requested against counsel's "lodestar."  *Hart v. RCI Hosp. Holdings, Inc.*, No. 09 Civ. 3043(PAE), 2015 WL 5577713, at *13 (S.D.N.Y. Sept. 22, 2015) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)).  Courts regularly approve attorney's fees of up to one-third of the settlement amount in FLSA cases.  *See, e.g.*, *Gaspar v. Personal Touch Moving, Inc.*, No. 13-cv-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District."); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667(PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount.").

In support of the attorney's fee award, Plaintiff's counsel submitted contemporaneous billing records.  (Doc. 23-1.)  Based upon a review of these records, it is clear that Plaintiff's counsel has expended significant time on investigating and researching Plaintiff's claims, and collecting and analyzing voluminous wage and payroll records.  (*Id.*)  Plaintiff's counsel, Nicole Grunfeld, typically bills her time at the rate of $350 per hour, and she estimates that she worked approximately 10 hours on Plaintiff's FLSA claims.  (Doc. 20 at 5-6.)  Based on these figures, the lodestar amount is $3,500.  Attorney Grunfeld's hourly rate is higher than the average hourly associate rate approved in this district.  *See, e.g.*, *Aguilera v. Cookie Panache ex rel. Beneath the Bread, Ltd.*, No. 13 Civ. 6071(KBF), 2014 WL 2115143, at *3 (S.D.N.Y. May 20, 2014)

(reducing rates for class settlement of FLSA and NYLL claims "[b]ased on the prevailing rates in this district for employment law cases," from $550/hour to $300/hour for partners, $350/hour to $200/hour for counsel, $175-200/hour to $125 for associates, and $125/hour to $75/hour for paralegals).  Nevertheless, a 20% award of $2,000 is far from a windfall for Plaintiff's counsel, and instead represents modest compensation for the work put into this case.  Moreover, the requested attorney's fees is lower than the lodestar amount.  Based on this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

### III.   Conclusion

For the reasons stated above, I find the settlement, including the contemplated attorney's fees, fair and reasonable.  Accordingly, the settlement agreement of the parties, (Doc. 20-1), is hereby APPROVED.  The Clerk's Office is respectfully directed to close the case.

SO ORDERED.

Dated:   August 26, 2017
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge